COURT OF CHANCERY
OF THE
STATE OF DELAWARE

J. TRAVIS LASTER
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: August 27, 2014
Date Decided: August 29, 2014

Collin J. Seitz, Jr.
Bradley R. Aronstam
Eric D. Selden
David E. Ross
Seitz, Ross, Aronstam & Moritz, LLP
100 S. West Street, Suite 400
Wilmington, DE 19801

James S. Green, Sr.
Jared T. Green
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

RE:     *Levey v. Browstone Asset Management, LP, et al.*,
        Consolidated C.A. No. 5714-VCL

Dear Counsel:

The post-trial opinion in this case awarded the plaintiff $35,042.67, plus pre- and post-judgment interest at the legal rate, compounded quarterly, from January 26, 2006, until the date of payment. The parties could not agree on how to apply the legal rate. The plaintiff maintained that the interest rate should remain constant at the rate in effect on January 26, 2006 (10.25%). The defendants contended that the interest rate should float, changing whenever the Federal Reserve discount rate changed. The defendants are correct. The rate should float.

This court "has broad discretion, subject to principles of fairness, in fixing the [interest] rate to be applied." *Valeant Pharm. Int'l v. Jerney*, 921 A.2d 732, 756 (Del. Ch. 2007) (alteration in original) (quoting *Summa Corp. v. Trans World Airlines, Inc.*, 540

A.2d 403, 409 (Del. 1988)). "An award of interest serves two purposes. It compensates the [judgment creditor] for the loss of use of its capital during the pendency of the [proceeding] and causes the disgorgement of the benefit [the judgment debtor] has enjoyed during the same period." *Gholl v. eMachines, Inc.*, 2004 WL 2847865, at *18 (Del. Ch. Nov. 24, 2004). A court should avoid awarding excessive interest because doing so "would constitute an inequitable windfall." *Gentile v. Rossette*, 2010 WL 3582453, at *1 (Del. Ch. Sept. 10, 2010).

Awarding interest using a fluctuating rate serves the twin purposes identified in *Gholl*. A fluctuating interest rate adequately reimburses a plaintiff "for the loss of use of its capital" by replicating the economic circumstances that existed during the litigation. *Gholl*, 2004 WL 2847865, at *18. It also forces the defendant to disgorge the benefits "enjoyed during the same period." *Id.* A fixed interest rate risks over- or under-compensating the plaintiff, and either benefitting or penalizing the defendant, depending on how the interest rate varied during the period covered by the award. In this case, the plaintiff has offered no evidence to suggest that he could have received a 10.25% interest rate during the pendency of the litigation, creating a potential windfall for the plaintiff and penalty for the defendants. *See Gentile*, 2010 WL 3582453, at *2 (declining to award a fixed interest rate where "it [was] so unlikely that the hypothetical prudent investor would have achieved a 10.5% rate of return over the past decade, during which the Discount Rate frequently stood near all-time lows and the equity markets encountered turbulence").

The parties shall submit a form of Order and Final Judgment that uses a fluctuating rate of interest to calculate the amount of pre- and post-judgment interest.

Sincerely,

*/s/ J. Travis Laster*

J. Travis Laster
Vice Chancellor